OPINION
{¶ 1} Appellants, David and Donna King, appeal the decision of the Warren County Court of Common Pleas, Domestic Relations Division, denying their motion for visitation.
 {¶ 2} Appellants are the paternal grandparents of Courtney King, age seven, and Haley King, age five. Appellees, Bradley King and Stephanie King Hall, are the divorced parents of the children. They have both remarried and have shared parenting of their children.
 {¶ 3} Following appellees' separation and divorce, appellants were active in the children's lives, as they were while appellees were married. Appellants would provide child care several days each week, and provided the children with food and clothing as needed. They sometimes took the children to medical appointments and purchased a leg brace for Courtney who has cerebral palsy. They liked to buy gifts for the girls and admittedly "spoiled" them.
 {¶ 4} Following the divorce, appellees implemented the shared parenting agreement with some acrimony. During this period, appellants lodged accusations that Stephanie and her new husband physically abused the girls, and that Bradley's stepson had sexually abused Courtney. The allegations were not confirmed, and were only made by appellants. Appellants also made disparaging remarks about Stephanie in front of the children, in spite of Bradley's protests. Appellees determined that appellants' continuing accusations were in large part responsible for their own inability to communicate regarding the shared parenting plan. They jointly decided to eliminate appellants' visits with the children. Appellees subsequently observed that they were able to communicate better, and the shared parenting plan has since been followed with little controversy. Appellees agree that eliminating appellants' visits is in the children's best interest. Appellees jointly advised appellants of their decision in April 2005.
 {¶ 5} In May 2005, appellants filed a motion seeking visitation with the children. A hearing was held on the motion at which appellees presented testimony confirming their agreement that it is in the children's best interest not to have contact with appellants. Appellants testified to suffering emotional stress as a result of appellees' decision, and testified that they want their grandchildren to be a part of their lives. The trial court denied the motion, and appellants appeal, raising two assignments of error.
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION WHEN IT DENIED THE MOTION FOR GRANDPARENT VISITATION."
 {¶ 8} An appellate court will not reverse the trial court's determination regarding visitation issues absent an abuse of discretion. In re McCaleb, Butler App. No. CA2003-01-012, 2003-Ohio-4333, ¶ 5; In re Allen, Butler App. No. CA2002-10-238, 2003-Ohio-2548, ¶ 10. More than an error of law or judgment, an abuse of discretion implies that the trial court's decision was unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 9} When determining whether to grant visitation rights to a nonparent, the trial court is required to consider the 15 factors listed in R.C. 3109.051(D)(1)-(15). The trial court is also required to consider "[a]ny other factor in the best interest of the child." R.C. 3109.051(D)(16). Under the 15th factor, a trial court must consider the following: "In relation to requested companionship or visitation by a person other than a parent, the wishes and concerns of the child's parents, as expressed by them to the court [.]" R.C. 3109.051(D)(15).
 {¶ 10} There is a presumption that "fit parents act in the best interests of their children." Troxel v. Granville (2000),530 U.S. 57, 68, 120 S.Ct. 2054. Consequently, "a fit parent's decision regarding visitation should be afforded great deference." Baker v. Baker, Brown App. No. CA2002-04-008, 2003-Ohio-731, ¶ 10. See, also, Epps v. Epps (Aug. 9, 2001), Ashland App. No. 01COA01403, citing Troxel. Absent an allegation of parental unfitness, the parents' determination of their child's best interest must be afforded "special weight."Troxel at 69. We note that there are no allegations in the record that appellees are unfit to be parents. To the contrary, appellants testified that appellees are capable parents.
 {¶ 11} In its decision, the trial court evaluated the R.C.3109.051(D) factors, and gave special consideration to both parents' wish that appellants not have visitation with the children. The court noted that appellants' motion focused on their own desire to see the children, and the evidence presented did not support the contention that visitation would be in the children's best interest. The court noted the harm caused by appellants' prior visitation.
 {¶ 12} After thoroughly reviewing the record, we find that the trial court did not abuse its discretion. R.C.3109.051(D)(15) requires the trial court to consider "the wishes and concerns of the child's parents, as expressed by them [.]" Pursuant to Troxel, the trial court was required to give "special weight" to the determination by appellees regarding the children's best interest. We find that the trial court appropriately did so, and did not abuse its discretion in weighing the remaining statutory factors related to the children's best interest. The assignment of error is overruled.
 {¶ 13} Assignment of Error No. 2:
 {¶ 14} "THE TRIAL COURT ERRED WHEN IT FAILED TO APPOINT A GUARDIAN AD LITEM UPON [APPELLANT'S] MOTION."
 {¶ 15} In this assignment of error, appellants contend that the trial court erred when it declined to appoint a guardian ad litem ("GAL") to represent the best interests of the children. Appellants argue that pursuant to R.C. 3109.04, when the custody and visitation of minor children are at issue and any party to the case requests it, the statute mandates the appointment of a GAL.
 {¶ 16} R.C. 3109.04(B) states in pertinent part that the trial court "in its discretion, may and, upon the motion of either parent, shall appoint a guardian ad litem for the child." The statute is clear that if one of the child's parents files a motion requesting the appointment of a GAL, then the trial court must grant the motion. See Huffman v. Forsythe, Darke App. No. 1675, 2006-Ohio-5311, ¶ 13.
 {¶ 17} In the instant case, however, appellants, while parties to the action, are not parents. Appellants' assertion that they need only be a party to the case to demand the appointment of a GAL is a mischaracterization of the statute. "The language used in R.C. § 3109.04 only mandates the appointment of a GAL if the person requesting it is a parent of the minor child involved." Huffman at ¶ 13. Moreover, the trial court's decision denying appellants' request to appoint a guardian, filed five days before trial, does not constitute an abuse of discretion. See In re James, 163 Ohio App.3d 442,2005-Ohio-4847, ¶ 40 ("trial court did not abuse its discretion when it decided not to appoint a GAL at the late stage in the proceedings"). Appellants' second assignment of error is overruled.
 {¶ 18} Judgment affirmed.
Young and Bressler, JJ., concur.